IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DORIS JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:05CV00499 |
| v. ) | CR-92-38-01-G |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Doris Jackson, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. A jury convicted Petitioner of possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). (Docket nos. 6, 27 (criminal case).) The court sentenced her to 262 months in prison. (*Id*. docket no. 33.) Petitioner appealed to the Fourth Circuit, but that court affirmed the judgment. (*Id*. docket no. 55.) The Supreme Court denied certiorari on October 18, 1993. (Docket no. 3, ex. A.)[1] Petitioner submitted through counsel the present section 2255 motion which was filed on June 2, 2005. (Docket no. 1.) She raises three grounds for relief alleging that she was improperly sentenced under the line of Supreme Court cases ending in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). (*Id*.) Respondent has moved to dismiss the motion because it is time-barred. (Docket no. 3.) Petitioner has responded to the motion to dismiss. (Docket no. 4.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

The government requests dismissal on the ground that the motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

to all Section 2255 motions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay*, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1). If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for a writ of certiorari runs from the date of the denial of the petition for rehearing, or if granted, the subsequent entry of judgment. *Id*. R. 13(3). When a petitioner's judgment became final prior to the enactment of the AEDPA, the one year period expired on April 24, 1997. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner's conviction became final on October 18, 1993, when the Supreme Court denied certiorari. *Clay*, 537 U.S. 522. This was before the enactment of the AEDPA, therefore her one-year period for filing her section 2255 motion expired on April 24, 1997. *Hernandez*, 225 F.3d at 439. Her motion filed by counsel in 2005 was not timely under subsection one of section 2255. Only if another subsection gives her more time to file will her motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing her section 2255 motion, and there is no showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner claims that this subsection applies because she is relying upon the *Booker* line of cases. (Docket no. 4.) The Fourth Circuit has recently held that *Booker* was a "new rule" of criminal procedure under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners, . . . , whose convictions became final before *Booker* (or *Blakely*) was decided."[2] *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Petitioner's conviction became final before the Court decided these cases. Therefore, these cases do not give Petitioner a longer limitation period. Subsection three does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner could have discovered the facts before her conviction became final. Therefore, subsection four does not give her a longer limitation period.

Petitioner's section 2255 motion was not timely filed under any subsection of section 2255. It should therefore be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 3) be granted, and that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 1) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 13, 2006

---

[2] The court also made clear that it is the date that *Booker* rather than *Blakely* was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing *Lloyd v. United States*, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date *Booker* issued is appropriate dividing line because *Blakely* reserved decision about the federal sentencing guidelines), *cert. denied*, 126 S.Ct. 288 (2005).).